NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2022*
Decided September 6, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2673

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:09 CR 43 |
| STANTON L. CEPHUS, <br> *Defendant-Appellant.* | James T. Moody, <br> *Judge.* |

**O R D E R**

Stanton Cephus, a federal inmate, moved for compassionate release based on his morbid obesity and the COVID-19 pandemic. The district court denied his motion.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Because the court's weighing of the sentencing factors under 18 U.S.C. § 3553(a) was sufficient to deny relief, we affirm.

Cephus participated in a sex trafficking operation. He and his co-conspirators forced women and girls into prostitution using fraud, violence, threats, and drugs. Cephus drove the women and girls to meet clients and collected payments. Although he did not physically beat any of the victims, he was present during some beatings and thus was aware that this was a tactic used to keep victims in line. In 2009, a jury convicted Cephus on several counts stemming from this operation, and in 2011, the district court sentenced him to 324 months' imprisonment.

In October 2020, Cephus sought compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). He argued that he had "extraordinary and compelling" reasons for release: His health conditions—most notably morbid obesity (when he filed his motion, he weighed 436 pounds and had a body mass index of 60.8), but also hypertension, diabetes, hyperlipidemia, sleep apnea, vitamin D deficiency, and asthma—heightened his risk of severe complications if he contracted COVID-19. He also argued that the sentencing factors under 18 U.S.C. § 3553(a), particularly his positive record while in prison, compelled a reduced sentence.

The district court denied the motion. The court concluded, first, that the availability of COVID-19 vaccines meant that Cephus's health conditions were not extraordinary and compelling reasons for release. The § 3553(a) factors, the court continued, also counseled against release. The court highlighted the "horrendous" nature and circumstances of his offense—the force, violence, fraud, coercion, and drugs that he and his co-conspirators used to cause women and girls to engage in prostitution. He personally recruited victims, drove them to meet clients, collected money, and knew that victims were being tormented by other members of the operation. The court also alluded to the need for deterrence (given the predatory nature of his acts) and the need to promote respect for the law and provide just punishment (given his failure to accept responsibility for his actions, exemplified by his remark that he was merely a bystander).

On appeal, Cephus argues that the district court abused its discretion when it concluded that the § 3553(a) factors did not favor release. He says the court overstated the seriousness of his involvement in the operation and never considered the evidence of his improved behavior in prison.

The district court, however, appropriately exercised its discretion in denying the motion. The court reasonably concluded that the nature and circumstances of Cephus's offense were serious because his actions led to the sexual victimization of several girls and women. *See United States v. Kurzynowski*, 17 F.4th 756, 760 (7th Cir. 2021). Although Cephus disputes the court's conclusion that his conduct was so "horrendous" that it outweighed his positive post-sentencing conduct, we do not reweigh the sentencing factors. *United States v. De La Torre*, 940 F.3d 938, 954 (7th Cir. 2019). Further, the court's assessment of this factor alone was sufficient reason to deny compassionate release. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

With regard to the court's reference to the availability of vaccines, Cephus also argues that they cannot fully benefit him because of his morbid obesity. *See United States v. Newton*, 37 F.4th 1207, 1208–09 (7th Cir. 2022); *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). But any challenge to the court's assessment of Cephus's COVID-19 risk is beside the point because the court adequately explained why the § 3553(a) factors did not favor release. *See Rucker*, 27 F.4th at 563.

We have considered Cephus's other arguments, but none has merit.

AFFIRMED